**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAKHABERI SHARABIDZE,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-73867

Agency No. A079-580-213

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Kakhaberi Sharabidze, a native and citizen of Georgia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We deny the petition for review.

We lack jurisdiction to review Sharabidze's contention that the government's failure to forward a copy of his asylum application to the Department of State for an advisory opinion requires remand pursuant to 8 C.F.R. § 208.11(a), and his contention that the IJ applied the incorrect standard in evaluating his CAT claim because he failed to exhaust these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the IJ's adverse credibility determination based upon the omission from his asylum application of the two arrests and beatings to which he testified, and based upon the inconsistencies between Sharabidze's testimony and asylum application regarding whether he was fired from the national ensemble for being a deserter and whether he was in hiding in T'bilisi between 1995 and 2000. *See Chebchoub*, 257 F.3d at 1043. Sharabidze's assertion that the IJ failed to evaluate his explanations for these discrepancies is belied by the record. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004). In the

absence of credible testimony, Sharabidze's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

Because Sharabidze's CAT claim is based on the same testimony found to be not credible, and Sharabidze does not point to any other evidence that shows it is more likely than not he would be tortured if returned to Georgia, his CAT claim fails. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**